IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA L. NEAL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-522-N (BH) |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

After making an independent review of the pleadings, files and records in this case, the Findings, Conclusions, and Recommendation of the of the United States Magistrate Judge, and the Defendant's objections to them, I am of the opinion that the Findings, Conclusions, and Recommendation of the Magistrate Judge are correct and are adopted as the Findings and Conclusions of the Court.

In its first objection, Defendant contends that the ALJ applied the correct standard of severity because he expressly cited to *Stone*. *Stone* states that the Court "will assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is used by reference to this opinion or another of the same effect, or by an express statement that the construction we give 20 C.F.R. § 404.1529(c) is used." *Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir. 1985). Even though citation to *Stone* may be an indication that the ALJ applied the correct standard of severity, nowhere does *Stone* state that the ALJ's citation to *Stone,* without more, conclusively demonstrates that he applied the correct standard. Further, in this case, the ALJ's narrative discussion at Step 2 in this case consists only of a citation to *Stone* and a statement reciting a regulatory definition of severity that the Fifth

Circuit expressly rejected in *Stone*.  Although the ALJ's citation to *Stone* would be an indicator that he applied the correct standard of severity, his citation to an incorrect definition of severity and the absence of a detailed narrative discussion at Step 2 creates ambiguity.  The Court cannot evaluate whether the ALJ applied the correct standard of severity.  This ambiguity in the ALJ's decision can only be resolved at the administrative level.  *See Brown v. Astrue*, No. 4:08-CV-115-A, 2009 WL 1402287, at *4 (N.D. Tex. May 18, 2009) (remanding for similar reasons).

In its second objection, Defendant contends that remand based on *Stone* is inappropriate where, as here, the ALJ finds severity at Step 2 and adjudicates the case at a later step.  Notwithstanding Defendant's failure to raise this argument in its motion for summary judgment or brief, the Fifth Circuit in *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000), remanded based on *Stone* even though the ALJ had adjudicated the case at Step 5.  Additionally, in *Key v. Astrue*, No. 3:06-CV-1087-N, 2007 WL 2781930, at *4 (N.D. Tex Sept. 4, 2007), this Court explicitly rejected the argument now raised by Defendant because "[t]he Fifth Circuit has never held that *Stone* applies only to cases where the claimant is not found disabled at Step 2."  *Id.*

The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are adopted as the findings and conclusions of this Court.  Accordingly, *Plaintiff's Motion for Summary Judgment*, filed June 10, 2009, is **GRANTED**, and *Defendant's Motion for Summary Judgment*, filed August 7, 2009, is **DENIED**.  The case is **REVERSED** and **REMANDED** to the Administrative Law Judge for reconsideration.

SIGNED November 16, 2009.

_____
**DAVID C. GODBEY**
**UNITED STATES DISTRICT JUDGE**