IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA L. NEAL, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 3:09-CV-522-N (BH) |
| § | |
| CAROLYN W. COLVIN, ACTING § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings of fact and recommendation. Before the Court is the *Motion for and Memorandum in Support of Award of Attorney Fees under the Social Security Act*, filed March 15, 2012 (doc. 34.)  Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED.**

## I.  BACKGROUND

On March 19, 2009, through counsel, Barbara L. Neal (Plaintiff)[1] filed a complaint seeking reversal and remand of the Commissioner's decision denying her application for Social Security disability income benefits. (doc. 1.)  On November 16, 2009, the Court entered judgment, reversing and remanding the case for further proceedings. (doc. 29.)  Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (doc. 32.)  The motion was granted on March 11, 2010. (doc. 33.)  On March 15, 2012, Plaintiff's attorney (counsel) filed this motion under § 406(b) of the Social Security Act requesting $6,000 in attorney's

---

[1] Because Barbara L. Neal (Plaintiff) had died by March of 2011, her surviving spouse has been substituted as the plaintiff in this action. (*See* docs. doc. 37 at 1; 38.)

fees. (doc. 34.) He seeks this award pursuant to a fee agreement in which Plaintiff agreed to pay up to 25 percent of her past-due benefits for her representation in a federal court. (docs. 34; 34-1.) After a timely-filed response by the Commissioner (doc. 36), the motion is now ripe for recommendation.

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ."

42 U.S.C.A. § 406(b)(1)(A) (West 2010) (emphasis added).

### A. Reasonableness

The Commissioner asks the Court to conduct an independent review of the requested fee award to determine whether it is reasonable for the services provided to Plaintiff.[2] (doc. 36.)

Section 406(b) requires that a fee award not only be limited to 25 percent of the claimant's award of past-due benefits, but also requires that it be "reasonable." *Murkeldove*, 635 F.3d at 788

---

[2] The Commissioner has no direct financial stake in the fee award; rather, her role in the fee determination resembles that of a "trustee" for the claimant, requiring her to question the reasonableness of the fees sought. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6).

(citing *Gisbrecht*, 535 U.S. at 800); *see also* 42 U.S.C. § 406(B)(1)(A). The Supreme Court has held that contingency fee agreements in social security cases are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Gisbrecht*, 535 U.S. at 807.

Although courts generally employ the lodestar method[3] in determining the reasonableness of attorney's fees, the Supreme Court has "explicitly rejected" this approach "as the 'starting point' in determining a fee's reasonableness pursuant to § 406(b)." *Jeter*, 622 F.3d at 378 (citing *Gisbrecht*). Nonetheless, in *Gisbrecht*, the Court also stated that if the benefits resulting from a contingency fee agreement are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be "in order" to disallow a "windfall" for the attorney. *See Gisbrecht*, 535 U.S. at 807. The Fifth Circuit has interpreted *Gisbrecht* as allowing a court to employ the lodestar method in its analysis, but only if "the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.* The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned, but it has noted with approval several

---

[3] This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F.App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615–16 (N.D. Tex. 2000) (Fitzwater, C.J.) (citations omitted).

factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381–82 (citing *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). Ultimately, the claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

The contingency fee requested in this case falls within the 25 percent statutory ceiling given that $6,000 represents only 12.2 percent of the $49,324 awarded to Plaintiff in past-due benefits. In addition, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (noting that in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits); *see also Hartz v. Astrue*, No. CIV.A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012) (collecting cases). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings, and the Commissioner had fully briefed a motion opposing remand. (*See* docs. 19 and 20.)

The Commissioner urges that "an amount equaling no more than double a claimant's attorney's per hour non-contingency rate for an attorney with [counsel's] level of experience" is reasonable. (Dr. Br. at 4–5). Counsel's resulting hourly rate of $512.82 ($6,000 divided by 11. 7) falls below the $546[4] threshold identified by the Commissioner. Moreover, counsel provided

---

[4] Counsel's non-contingent hourly rate is $273 for matters other than Social Security. (doc. 34 at 14.)

effective and efficient representation, expending almost 12 hours drafting a 9-page opening brief and a 5-page reply brief that identified and analyzed two legal issues. (*See* docs. 16-2 and 22.) The fees requested reflect the favorable result obtained by counsel, given that Plaintiff recouped $49,324 in wrongfully-denied past-due benefits. (*See* doc. 34-1 at 2.) By the time counsel represented Plaintiff in federal court, he had over 10 years of experience practicing exclusively in Social Security law. (doc. 34-1 at 15); *see also Jeter*, 622 F.3d at 381–82. Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25 percent fee. *See Jeter*, 622 F.3d at 381–82; *Hartz*, 2012 WL 4471846, at *6. In conclusion, the requested $6,000 fee award is reasonable and should be granted.

**B.    EAJA Offset**

The Commissioner also asks that counsel be directed to refund to Plaintiff the $1,872 in attorney's fees that was awarded pursuant EAJA. (D. Br. at 6.)

Pursuant to EAJA, a court must award attorney's fees if: (1) the claimant is the "prevailing party"; (2) the Government's position was not "substantially justified"; and (3) there are no special circumstances that make an award unjust. *Murkeldove*, 635 F.3d at 790 (citing 28 U.S.C. § 2412(d)(1)(A)). Given the overlap between EAJA and § 406(b) of the Social Security Act, "Congress harmonized fees payable by the Government under" these statutes by requiring that the attorney "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted); *Rice v. Astrue*, 609 F.3d 831, 837–39 (5th Cir. 2010). Here, counsel concedes that he will "promptly refund the amount of the lesser fee" to Plaintiff should he be awarded attorney's fees under § 406(b). (Pl. Br. at 12.) The net amount recovered would therefore be

$4,128,[5] which constitutes only 8.4 percent of Plaintiff's past-due benefits.

## III. RECOMMENDATION

The *Motion for and Memorandum in Support of Award of Attorney Fees under the Social Security Act*, filed March 15, 2012 (doc. 34), should be **GRANTED.** Counsel should be awarded $6,000 in attorney's fees pursuant to 42 U.S.C. § 406(b).

SIGNED on this 23rd day of September, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] This amount is calculated by subtracting the EAJA award of $1,872 from the $6,000 requested.